UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES E. JONES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | CASE NO. C09-5501BHS<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on Plaintiff James E. Jones's ("Jones") objections (Dkt. 18) to the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 17). The Court has considered the pleadings filed in support of and in opposition to Jones's Objections and the remainder of the file and hereby adopts in part and declines to adopt in part the Report and Recommendation for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL HISTORY**

Jones was born on March 25, 1951. Tr. 105. Jones attended school through the ninth grade in a special education program. Tr. 172, 354. Jones later went back to school to attempt to earn his GED. Tr. 354. Jones reported in a doctor's exam during November of 2002 that he was in a motor vehicle accident in approximately 1990 and has suffered pain in his back and neck ever since the accident. Tr. 176. Jones held several labor-intensive jobs prior to his claim of disability. Tr. 89, 120. Jones's last place of employment was working as a plumber's helper (Tr. 89, 172), and he was laid off from this job in November of 2001 (Tr. 172). In his application for social security benefits,

1  Jones asserted that pain and spasms in his back, neck and leg, as well as dyslexia, were
2  the reasons that his ability to work was limited.  Tr. 88.

3        On September 23, 2002, Jones filed an application for Supplemental Security
4  Income and on October 9, 2002, he filed for Disability Insurance Benefits.  Tr. 17.  In his
5  applications, Jones alleged disability since November 2, 2001.  Tr. 82, 87.  On September
6  15, 2005, the Social Security Administration's ("SSA") Administrative Law Judge
7  ("ALJ") found that Jones's impairments did not prevent him from performing past
8  relevant work and denied his applications for benefits.  Tr. 28.

9        On May 15, 2006, Jones filed a complaint seeking judicial review of the SSA's
10 denial of his applications for benefits.  *See Jones v. Astrue*, Case No. 2:06-CV-0652RSM
11 (W.D. Wash.) (Martinez, J.).  The Court adopted Magistrate Judge Benton's finding that
12 the ALJ did not err in concluding that Jones's shoulder impairment did not constitute a
13 severe impairment.  Tr. 533; Tr. 535-40.  The Court also adopted Judge Benton's
14 undisputed finding that the ALJ failed to properly consider evidence of Jones's peripheral
15 vascular disease and opinion evidence regarding a structured work setting.  Tr. 533, 538.
16 The matter was remanded to the SSA in accordance with the Court's adoption of Judge
17 Benton's Report and Recommendation.  Tr. 533.

18       On August 27, 2009, the ALJ held a hearing on Jones's case in accordance with
19 the Court's order to remand.  Tr. 583-605.  On October 25, 2007, the ALJ issued a
20 decision that again denied Jones's applications for social security benefits.  Tr. 513-524.
21 On November 21, 2007, Jones appealed the decision to the SSA's Appeals Council.  Tr.
22 506.  The Appeal's Council granted Jones's request for additional time to submit the
23 reasons he desired to appeal the ALJ's decision.  Tr. 497-98.  On March 30, 2009, the
24 Appeals Council granted Jones's request for review.  Tr. 399.  On June 16, 2009, the
25 Appeals Council issued a partially favorable decision, finding that Jones was disabled as
26 of March 24, 2006.  Tr. 399-43.

27
28

ORDER - 2

The Appeals Council's decision is the final decision of the SSA, subject to judicial review. 20 C.F.R. §§ 404.984, 416.1484 (2009). Jones filed the complaint in this action on August 26, 2009, seeking review of the Appeals Council's decision that he was not disabled from November 2, 2001, to March 23, 2006. Dkt. 1. This case was referred to Magistrate Judge Creatura.

On April 20, 2010, Magistrate Judge Creatura issued a Report and Recommendation affirming the Appeals Council's decision. Dkt. 17. On May 7, 2010, Jones filed objections to the Report and Recommendation on several grounds. Dkt. 18. On May 19, 2010, Defendant Michael J. Astrue, Commissioner of Social Security ("Astrue"), filed a response to Jones's objections (Dkt. 21) and on May 28, 2010, Jones replied (Dkt. 22).

## II. JONES'S OBJECTIONS

Jones makes the following objections to the Magistrate Judge's Report and Recommendation:

(1) There is no legal basis for the Magistrate Judge's holding that mental limitation need not be included in a residual function capacity assessment and a "moderate mental limitation" is not reviewable as such an assessment;

(2) The Magistrate Judge erred in finding that substantial evidence supported the Appeals Council's residual function capacity assessment that omitted a restriction to structured work;

(3) The Magistrate Judge erred in affirming the Appeals Council's holding despite its failure to obtain a vocational-expert testimony;

(4) The Magistrate Judge erred in affirming the Appeals Council's implicit adoption of the ALJ's analysis regarding Dr. Park as the ALJ did not have all of the evidence that was available to the Appeals Council in reviewing Dr. Park's opinion; and

(5) The Magistrate Judge erred in affirming the Appeals Council's adverse credibility finding with respect to Jones.

ORDER - 3

Dkt. 18 at 1-11.

## III. DISCUSSION

**A.  Standard of Review**

This Court shall make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  *Id*.

This Court must set aside the ALJ's decision to deny benefits if it is not supported by substantial evidence or is based on a legal error.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  In determining whether the ALJ's findings are supported by substantial evidence, the administrative record must be reviewed as a whole with consideration of all the evidence contained therein.  *Id*.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Fife v. Heckler*, 767 F.2d 1427, 1429 (9th Cir. 1985).

**B.  Mental Limitation**

Jones argues that the Magistrate Judge erred in holding that a mental limitation need not be included in a residual function capacity assessment.  Dkt. 18 1-4.  Jones also asserts that a "moderate mental limitation" is not reviewable as such an assessment.  *Id*.  The Commissioner maintains that this argument contains an incorrect summary of the Magistrate Judge's holding and that such holding properly incorporated the ALJ's and Appeals Council's assessment of Jones's mental limitations.  Dkt.  21 at 7-8.

The ALJ listed the following findings in the heading above the ALJ's assessment of Jones's residual function capacity:

> [T]he undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand, remember, and carry out simple instructions; he can make simple work-related decisions necessary to function in unskilled work; he can respond

> appropriately to supervisors, coworkers, and usual work situations; and he can deal with changes in a routine work setting.

Tr. 518. The ALJ found that Jones had a severe impairment due to mild mental retardation and the Appeals Council changed this finding to reflect that Jones's severe impairment was due to "borderline intellectual function" rather than mild mental retardation. Tr. 400. However, while the Appeals Council changed the ALJ's finding as to what caused Jones's severe impairment, it adopted the ALJ's finding with respect to what functions Jones could still perform based on this mental limitation. *Id*. The Appeals Council stated that Jones's "ability to sustain work is inconsistent with [alleged] deficits in adaptive function" and that the ALJ's "decision provided other indications of [Jones's] adaptive functioning." *Id*. (citing Tr. 520-22).

The Court concludes that the Appeals Council's finding that Jones had a severe mental impairment caused by borderline intellectual functioning, its adoption of the ALJ's finding with respect to Jones's abilities, and that such impairment did not render Jones disabled prior to March 24, 2006, is reviewable. Moreover, the Court concludes that the Appeals Council properly considered Jones's mental limitation in its residual function capacity assessment and properly analyzed Jones's residual function capacity to perform unskilled light work.

## C.     Structured Work Environment

Jones argues that the Magistrate Judge erred in basing his recommendation that the Court reject Jones's arguments regarding the structured work environment on the grounds that Jones focused on each reason provided by the Appeals Council for rejecting the non-examining physicians' opinions. Dkt. 18 at 4-7. The Commissioner maintains that the Magistrate Judge properly affirmed the ALJ's rejection of the non-examining physicians' opinions that Jones required a structured work environment. Dkt. 21 at 4.

The ALJ rejected the opinions of three non-examining physicians who opined that Jones would better adapt to changes in a structured work environment due to his intellectual deficits. Tr. 522. The Appeals Council adopted the ALJ's finding, which

1 relied on three specific reasons for rejecting the physicians' opinions.  *See* Tr. 399
2 (adopting ALJ's finding at Tr. 522).  The ALJ stated that "[a]lthough [Jones] has had
3 longstanding intellectual deficits, they did not prevent him from obtaining a driver's
4 license, performing numerous past unskilled jobs, or engaging in daily activities (Exhibit
5 2E).  The undersigned also notes that claimant left his last job for reasons unrelated to his
6 mental impairments."  Tr. 522.

7 The Magistrate Judge properly noted that while Jones was attacking each specific
8 reason relied on by the ALJ and the Appeals Council, the important consideration was
9 whether these three reasons, taken as a whole, constituted specific evidence to reject the
10 opinions.  Dkt. 17 at 9-10.  The Court concludes that the ALJ properly evaluated the
11 opinions of the non-examining physicians and rejected those opinions based on specific
12 evidence that Jones's abilities were greater than what the opinions reflected and that a
13 structured work environment requirement was not needed.  Accordingly, the Appeals
14 Council properly adopted this finding.

**D.      Vocational Expert**

16 Jones asserts that the Magistrate Judge improperly affirmed the Appeals Council's
17 reliance on the Medical-Vocational Guidelines ("the guidelines"), rather than the
18 testimony of a vocational expert, in determining that Jones was not disabled prior to his
19 fifty-fifth birthday, at step five of the disability evaluation.  Dkt. 18 at 7-8.  Jones urges
20 the Court to adopt the finding in the Eight Circuit case of *Lucy v. Chater*, 113 F.3d 905
21 (8th Cir. 1997), and hold that a case involving a claimant with borderline intellectual
22 functioning requires vocational expert testimony at step five of the disability evaluation.
23 *Id*. at 7.  The Commissioner maintains that the Magistrate Judge, and the Appeals
24 Council, properly relied on *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007), and
25 SSR 85-16 in finding that the step five disability determination of Jones did not require
26 vocational expert testimony because his mental limitations did not present a significant
27 non-exertional limitation on the work he could perform.  Dkt. 21 at 4-5.

ORDER - 6

In *Hoopai*, the Ninth Circuit stated that where, as here, the guidelines do not specifically match the claimant's qualifications, "the ALJ can either (1) use the grids as a framework and make a determination of what work exists that the claimant can perform . . . or (2) rely on a vocational expert when the claimant has significant non-exertional limitations." Here, the Magistrate Judge affirmed the Appeals Council's finding that Jones's non-exertional limitations were not significant enough to warrant vocational expert testimony. Dkt. 17 at 11-12. Thus, the issue before the Court is whether Jones's mental limitations present a significant non-exertional limitation such that the Appeals Council was required to hear vocational expert testimony at the step five evaluation, rather than rely on the guidelines.

Having reviewed the record in its entirety, the Court finds that the Appeals Council properly relied on the guidelines in finding that Jones was not disabled at step five of the evaluation. As the Ninth Circuit found in *Hoopai*, the fact that a claimant is found to have a "severe" impairment at step two of the evaluation process is not determinative of the severity of the impairment for purposes of requiring vocational expert testimony at step five. 499 F.3d at 1074-75. Here, although the Appeals Council determined that Jones had a severe mental impairment due to borderline intellectual functioning, it found that such impairment did not limit his ability to perform unskilled work. Thus, the Appeals Council's reliance on the guidelines was proper as substantial evidence supports its finding that Jones's mental limitation was not a sufficiently severe non-exertional limitation to prohibit its reliance on the guidelines rather than a vocational expert.

**E.     Jones's Credibility**

Jones argues that the Magistrate Judge improperly affirmed the Appeals Council's adoption of the ALJ's adverse credibility finding. Dkt. 18 at 11. The Commissioner maintains that even based solely on the Magistrate Judge's reasons for affirming the findings that were not objected to by Jones, the credibility finding is still supported by sufficient evidence. The Court agrees. Jones does not object to the Magistrate Judge's

findings that the ALJ properly relied on the inconsistencies between the degree of impairment claimed by Jones and the daily life activities he was able to perform or that Jones gave inconsistent statements to explain why he left his last place of employment. The Court concludes that these reasons alone constitute substantial evidence to support the ALJ's adverse credibility finding.

**F.     Dr. Park**

The ALJ has discretion to accept or reject a treating physician's opinion as long as the decision to do so is supported by substantial evidence in the record. *Magallanes*, 881 F.2d at 756-57.  However, if a treating doctor's opinion is contradicted by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" that are supported by substantial evidence in the record. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes*, 881 F.2d at 756-57 (9th Cir. 1989).

Jones asserts that the Magistrate Judge improperly affirmed the Appeals Council's rejection of Dr. Park's opinion because it failed to consider the additional treatment notes Jones submitted following the ALJ's decision. Dkt. 18 at 9-10.  Jones states that the Magistrate Judge also failed to address the additional treatment notes. *Id*.  The Commissioner asserts that the Appeals Council gave several reasons for rejecting Dr. Park's opinion and that the Magistrate Judge properly found that there was substantial evidence in the record to support this rejection.  Dkt. 21 at 5-7.  The Commissioner maintains that the Magistrate Judge's failure to address the additional treatment notes was harmless error because the other reasons he relied on for affirming the Appeals Council's rejection of Dr. Park's opinion were valid. *Id*. at 6.

In the Report and Recommendation, the Magistrate Judge quoted several paragraphs from the Appeals Council's decision and stated that "the reasons provided by the Appeals Council to limit the weight of Dr. Park's opinion is sufficient and supported

by substantial evidence." Dkt. 17 at 11 (citing Tr. 523). The Magistrate Judge cited to the Appeals Council's reasons of Dr. Park's use of "checkbox assessments" lacking sufficient explanation of the basis for the opinion given and Dr. Park's reliance on Jones's subjective complaints regarding his limitations. *Id*.

In *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002), the Ninth Circuit stated that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Id*. (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Here, the Appeals Council stated in its decision rejecting Dr. Park's opinion that "there are no treatment records in 2006 from Dr. Park to corroborate her assessment of the claimant's functioning. As noted above, the undersigned provided the claimant ample time after the hearing to update the record. However, the claimant did not submit any new records." Tr. 523. Although under *Thomas*, inadequate support is a valid reason to reject a treating physician's clinical finding, here, the Appeals Council was incorrect in its statement of what treatment records were missing. *See* 278 F.3d at 957. Jones states, and the Commissioner does not dispute, that he submitted Dr. Park's treatment records from 2006. Tr. 456, 466-67, 472-73, 478-79, 482. The Appeals Council failed to consider them. The Court finds that this is not harmless error as the Appeals Council specifically relied on the lack of treatment records from 2006 in its rejection of Dr. Park's opinion. Tr. 523. Therefore, the Court concludes that the action is remanded to the ALJ to consider the opinion of treating physician Dr. Park in light of the 2006 treatment records submitted by Jones and what affect, if any, this opinion has on the ALJ's finding regarding Jones's applications for benefits.

## IV. ORDER

(1) The Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the Report and Recommendation (Dkt. 17) as stated herein; and

(2) This action is **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

DATED this 14th day of July, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 10