UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES E. JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant. | CASE NO. C09-5501BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT PURSUANT TO FRCP 59(e) |

    This matter comes before the Court on the motion of Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"), to alter the judgment pursuant to FRCP 59(e) (Dkt. 25). The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    Plaintiff James E. Jones ("Jones") initially filed his application for disability insurance in 2002, which was denied by the Social Security Administration ("SSA"). Tr. 17, 82, 88. In May 2006, Jones filed a complaint asking for judicial review of the SSA's denial of his application for social security benefits. See *Jones v. Astrue*, Case No.

ORDER - 1

06-cv-0652RSM (W.D. Wash.). The reviewing court[1] accepted the undisputed claim that the administrative law judge ("ALJ") did not properly evaluate opinion evidence regarding a structured work setting and evidence of Jones's peripheral vascular disease. Accordingly, the district court remanded the case to the SSA. Trs. 533, 535, 538.

On August 20, 2007, the ALJ held a hearing on Jones's case in accordance with the district court's order to remand. Tr. 583-605. On October 25, 2007, the ALJ issued a decision that again denied Jones's applications for social security benefits. Tr. 513-524. On November 21, 2007, Jones appealed the decision to the SSA's Appeals Council. Tr. 506. The Appeals Council granted Jones's request for additional time to submit further support for his appeal of the ALJ's decision. Tr. 497-98. On March 30, 2009, the Appeals Council granted Jones's request for review. Tr. 399. On June 16, 2009, the Appeals Council issued a partially favorable decision, finding that Jones was disabled as of March 24, 2006. Tr. 399-43. Jones filed the complaint in this action on August 26, 2009, seeking review of the Appeals Council's decision that he was not disabled from November 2, 2001, to March 23, 2006. Dkt. 1.

Magistrate Judge J. Richard Creatura issued a Report and Recommendation on April 20, 2010, recommending that the SSA's decision to deny Jones benefits prior to March 24, 2006 should be affirmed. Dkt. 17. On May 7, 2010, Jones filed objections to the Report and Recommendation. Dkt. 18. On May 19, 2010, the Commissioner filed a response to Jones's objections (Dkt. 21) and on May 28, 2010, Jones replied (Dkt. 22).

On July 14, 2010, this Court entered an order that adopted in part the Magistrate Judge's Report and Recommendation. Dkt. 23. This Court agreed with the Magistrate Judge's findings with exception of the weight that the Appeals Council gave Dr. Park's opinion—Dr. Park is Jones's treating physician. Specifically, the Court found it improper that the Appeals Council had expressly rejected Dr. Park's opinion because it was not supported by treatment records; however, Jones had submitted the 2006 treatment records

---

[1] The Honorable Ricardo S. Martinez, United States District Judge.

ORDER - 2

1  to the Appeals Council and they were not considered in its final judgment. The
2  Commissioner does not dispute this fact. The Court remanded the case to the ALJ with
3  the direction that Dr. Park's opinion be given proper weight in light of the 2006 treatment
4  records. On July 26, 2010, the Commissioner moved this Court to alter the judgment
5  pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. 25. On August 19,
6  2010, Jones filed a response to the Commissioner's motion. Dkt. 27.

## II. DISCUSSION

In his motion to alter judgment, the Commissioner contends that the Court committed clear error by finding that (1) the ALJ[2] had improperly rejected Dr. Park's opinion because the ALJ gave at least one reason, other than lack of treatment records, for rejecting Dr. Park's opinion; and (2) the Court implicitly applied the incorrect standard for harmless error because, if one proper reason for rejecting evidence is given, the error of not considering the treatment records is harmless. Dkt. 25 (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63).

**A.   Treatment Records**

The Commissioner argues that, even though the treatment records were not considered, the ALJ's finding that Dr. Park's opinion is inconsistent with Jones's reported activities is a proper reason to reject her opinion. The Commissioner then argues that the ALJ found that Dr. Park's opinion was "largely a reflection of [Jones]'s non-credible subjective complaints" even though the ALJ did not review the treatment records. Dkt. 25 at 4 n.2. Although the ALJ gave a number of reasons for rejecting Dr. Park's opinion, he expressly gave weight to the lack of treatment records to support that decision. Additionally, while the treatment records were before the ALJ, the information in those records was not considered.

---

[2]The Commissioner states in his motion that "[f]or ease of reference, the Commissioner will refer to the ALJ's decision when referencing those findings that were adopted by the Appeals Council." Dkt. 25 at 2, n.1.

ORDER - 3

1    If the treating physician's opinion is not given considerable weight, the ALJ must
2 set forth "specific, legitimate reasons . . . that are based on substantial evidence in the
3 record." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987) ("The rationale for
4 giving greater weight to a treating physician's opinion is that he is employed to cure and
5 has a greater opportunity to know and observe the patient as an individual"), *quoting*
6 *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.1983). Furthermore, the treating
7 physician's "supportability" should be given more weight when evaluating the treating
8 physician's opinion. *See* 20 C.F.R. § 404.1527(d)(3) ("The more a medical source
9 presents relevant evidence to support an opinion, particularly medical signs and
10 laboratory findings, the more weight we will give that opinion").

11    Dr. Park's objective findings in the 2006 treatment records were not reviewed or
12 considered when the ALJ rejected Dr. Park's opinion. Therefore, the Court concludes that
13 it properly ordered the ALJ to review Dr. Park's opinion in light of the 2006 treatment
14 records.

15 **B.    Harmless Error**

16    The Commissioner argues that even if the ALJ failed to evaluate the treatment
17 records, that error was harmless because the ALJ had given at least one proper reason for
18 rejecting Dr. Park's opinion. *See* Dkt. 25 at 3. The Commissioner contends that the Court
19 implicitly applied the wrong standard of harmless error because the Court did not
20 expressly state the standard in determining the harmfulness of an error. *See id.* The
21 Commissioner cites *Carmickle* as the standard for harmless error in SSA cases and is
22 determined by "whether the ALJ's underlying decision remains supported, in spite of any
23 error, and not whether the ALJ would necessarily reach the same result on remand." Dkt.
24 25 at 3 (citing *Carmickle*, 533 F.3d at 1163).

25    The Commissioner's argument suggests that an error, such as not reviewing the
26 treatment records of the treating physician, is *per se* harmless error if the ALJ gives one
27 proper reason for rejecting the treating physician's opinion. This Court disagrees. While
28

ORDER - 4

there is at least one proper reason to support the ALJ's rejection of Dr. Park's opinion, the ALJ failed to evaluate objective medical evidence by Jones's treating physician. The ALJ is required by statute to give more weight to a treating physician's opinion that is supported with objective medical records. Support for the ALJ's decision is diminished by having first given weight to a lack of treatment records that, in actuality, were not lacking, and; second, not having given any weight to the evidence in the treatment records. The ALJ's error was not harmless.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's Motion to Alter Judgment (Dkt. 25) is **DENIED**.

DATED this 21st day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge