UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES E. JONES,<br><br>        Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>        Defendant. | CASE NO. C09-5501BHS<br><br>REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY'S FEES<br><br>Noted for April 22, 2011 |

  This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rules MJR 1 and MJR 4(a)(4), and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (<u>See</u> ECF Nos. 29, 31, 32.)

  After considering and reviewing the record, the undersigned finds that to the extent that plaintiff's motion for fees and expenses includes fees incurred presenting issues that the Court did not reach, or issues the Court determined lacked merit, plaintiff's request for fees is not authorized by statute.

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY

On October 26, 2009, plaintiff filed a complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (ECF No. 3.) On July 15, 2010, the District Court adopted in part the Report and Recommendation of the undersigned, and ordered the underlying matter be remanded to the Administration for further consideration. (ECF No. 24.) The Report and Recommendation included the conclusion that one issue raised by plaintiff "d[id] not present a contentious issue" and another one "lack[ed] merit" (ECF No. 17, pp. 5, 6.)

On December 20, 2010, plaintiff filed a Motion for Attorney Fees, Expenses and Costs Pursuant to the Equal Access to Justice Act. (ECF No. 29.) On January 3, 2011, defendant filed Objections (ECF No. 31), and on January 7, 2011, plaintiff filed his Reply. (ECF No. 32.)

Although defendant "raises no issues regarding substantial justification", and does not oppose an award of costs, expenses or *reasonable* attorney fees to plaintiff, defendant contends that plaintiff seeks fees that are unreasonable and excessive (see Defendant's Objection to Plaintiff's Motion for Attorney's Fees, ECF No. 31, pp. 1, 5), and furthermore contends that plaintiff may not seek an award of attorney's fees for issues not reached by the Court (id. at p. 3), or issues that the Court determined lacked merit (id. at p. 4).

## STANDARD OF REVIEW

Plaintiff seeks an award of attorney's fees and expenses pursuant to pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act. Specifically, plaintiff is seeking reimbursement of expenses equal to $71.78 and attorney's fees equal to $10,688.52.

The Equal Access to Justice Act provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other

REPORT AND RECOMMENDATION - 2

> expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). In any action brought by or against the United States, the Equal Access to Justice Act requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Plaintiff also seeks recovery of costs equal to $25.50 pursuant to 28 U.S.C. § 1920.

## DISCUSSION

The first issue this Court will address regarding plaintiff's attorney's fees is defendant's contention that "this Court should reduce the fees requested by [p]laintiff by 30 percent of the requested amount, to exclude the number of unreasonable and excessive hours expended by [p]laintiff's counsel . . . . putting it in the upper range of reasonable expenditures for district court proceedings in typical Social Security litigation." (See Defendant's Objections to Plaintiff's Motion for Attorney's Fees, ECF No. 31, p. 5 (*citing* Chandler v. Secretary of Health and Human Services, 792 F.2d 70, 73 (6th Cir. 1986)).)

The Court of Appeals for the Ninth Circuit has not adopted a rule that only Equal Access to Justice Act fee requests of less than 40 hours in social security appeals are reasonable. In addition, district courts in this circuit have not reached any consensus regarding any specific amount of hours that are reasonable in 'typical' or 'routine' social security cases for attorney's fees pursuant to the Equal Access to Justice Act. See, e.g., Johnson v. Astrue, 134 Soc. Sec. Rep.

REPORT AND RECOMMENDATION - 3

Service 4, 2008 U.S. Dist. LEXIS 68681 at *5, 9-10 (N.D. Cal. 2008) (although defendant Commissioner contended that 47 hours of time was unreasonable on a social security appeal that was fairly routine and not overly complex, the court awarded fees representing 57 hours, as it disagreed with Commissioner's contention and awarded 10 additional hours for the time plaintiff's attorney expended replying to defendant's response to plaintiff's request for fees); see also Burleson v. Astrue, 2009 WL 364115 at *3 (W.D.Wash. 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours") (*citing* Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D.Cal. 2000); Gibson-Jones v. Apfel, 995 F.Supp. 825, 827 (N.D.Ill. 1998)) (other citation omitted). Therefore, the Court does not find merit in this characterization by defendant of "the upper range of reasonable expenditures for district court proceedings in typical Social Security litigation." (See Defendant's Objections to Plaintiff's Motion for Attorney's Fees, ECF No. 31, p. 5.) However, defendant specifically objects to attorney's fees awarded for issues not reached by the Court.

According to the Ninth Circuit, the Equal Access to Justice Act does "no[t] indicat[e] that attorneys' fees should be awarded with respect to positions of the United States challenged by the claimant but unaddressed by the reviewing court." Hardisty v. Astrue, 592 F.3d 1072, 1077 (9th Cir. 2010). The Ninth Circuit looked to the text of the Equal Access to Justice Act when reviewing a district court's denial of a motion for attorneys' fees where the claimant had prevailed on a review of a denial of benefits by the Social Security Administration. Id. at 1076-77. The court "decline[d] to become a 'roving authority' awarding attorneys' fees," concluding that the text of the statute does not authorize explicitly fee shifting for issues unaddressed by the reviewing court. Id. at 1077 (*quoting* Buckhannon Bd. & Care Home v. W.Va. Dep't of Health & Human Res., 532 U.S. 598, 610 (2001), *superseded in part by* 5 U.S.C. § 552(a)(4)(E)). The

REPORT AND RECOMMENDATION - 4

Ninth Circuit noted that a narrow textual analysis is important especially in the context of fee shifting against the United States due to the waiver of sovereign immunity involved. Hardisty, 592 F.3d at 1077.

In addition, the Ninth Circuit noted that requiring the district court to consider an award of attorneys' fees "even on those issues that the district court chose not to reach in its original decision," would require the district court to "conduct[] essentially [a] de novo review of the entire case for the purposes of the fee litigation," id. at 1078, contrary to the "command that '[a] request for attorney's fees should not result in a second major litigation.'" Id. at 1077-78 (*quoting* Buckhannon, 532 U.S. at 609 (*quoting* Hensley v. Eckerhart, 461 U.S. 424, 437 (1983))). The Ninth Circuit "decline[d] to impose such burdens on district courts." Hardisty, 592 F.3d at 1078. The Ninth Circuit concluded that the Equal Access to Justice Act does not authorize attorneys' fees regarding issues raised by a plaintiff on review of a decision by the Social Security Administration but not addressed by the district court. Id. at 1079; see also Chavez v. Astrue, 155 Soc. Sec. Rep. Service 14; U.S. Dist. LEXIS 73191 at *7 (C.D. Cal. 2010) (distinguishing Hensley, 461 U.S. 424, and concluding that "Hardisty is binding precedent which prohibits awarding attorney fees for issues not considered by the court"). Therefore, plaintiff here should not be awarded attorney's fees for time expended on issues not addressed by the Court.

Defendant also specifically objects to attorney's fees expended on issues the Court found lacked merit. (See Defendant's Objection to Plaintiff's Motion for Attorney's Fees, ECF No. 31, p. 4.)

The Ninth Circuit in Hardisty declined to award fees for issues not reached by the reviewing court in part, because it determined that the text of the statute does not authorize fee

shifting explicitly for issues unaddressed by the reviewing court. <u>Hardisty</u>, <u>supra</u>, 592 F.3d at 1077. The Court concludes that the text of the statute also does not authorize fee shifting explicitly for issues found to be lacking in merit. <u>See id.</u>; <u>see also</u> 28 U.S.C. § 2412(d)(1). Similarly, the remaining rationale for the holding in <u>Hardisty</u> applies equally to issues which a reviewing court determines lack merit. <u>See</u> <u>Hardisty</u>, <u>supra</u>, 592 F.3d at 1077. The Court finds that this analysis also applies to any issue presented by the plaintiff that the reviewing court finds "does not present a contentious issue[1]." (<u>See</u> ECF No. 17, p. 5.)

For the aforestated reasons, the Court concludes that <u>Hardisty</u> is binding precedent that a plaintiff may not recover attorney's fees for issues not addressed by the reviewing court in the context of a reversal and remand to the Social Security Administration. <u>Hardisty</u>, 592 F.3d at 1077. The Court also concludes that the rationale in <u>Hardisty</u> does not allow recovery for attorney's fees expended on issues that the reviewing court determines lack merit or determines does not present a contentious issue. <u>See id.</u>

The Court finds reasonable plaintiff's supplemental request for 4.9 hours representing attorney's fees expended drafting the reply brief in support of plaintiff's motion for attorney's fees. (<u>See</u> Plaintiff's Reply, ECF No. 32, p. 9.)

## CONCLUSION

Because the Equal Access to Justice Act does not authorize attorney's fees for issues not addressed by the reviewing court, or for issues the Court determined lacked merit, plaintiff should be allowed until May 24, 2011 to amend the amount of the Equal Access to Justice Act fees requested to include only the amount of fees incurred presenting the issues that were addressed favorably by the Court.

---

[1] However, the rationale from <u>Hardisty</u> does not apply to issues defendant concedes in a Response. (<u>See</u>, e.g., Defendant's Objection to Plaintiff's Motion for Attorney's Fees, ECF No. 31, p. 3; <u>see also</u> <u>Hardisty</u>, <u>supra</u>, 592 F.3d at 1077.)

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 22, 2011, as noted in the caption.

Dated this 28th day of March, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7