# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JAMES E. JONES,

              Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

              Defendant.

CASE NO. 09-cv-5501-BHS-JRC

REPORT AND RECOMMENDATION ON AMENDED MOTION FOR ATTORNEY FEES

Noted for July 29, 2011

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rules MJR 1 and MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter is before the Court on plaintiff's Amended Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA. (See ECF No. 37.) Defendant filed a Response on June 7, 2011. (ECF No. 42.)

After considering and reviewing the record, the undersigned concludes that plaintiff's alternative amended request that he be awarded attorney fees, expenses and costs in the amounts of $8,038.10, $71.78 and $25.50, respectively, is reasonable.

PROCEDURAL HISTORY

On October 26, 2009, plaintiff filed a complaint to review and set aside a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). (ECF No. 3.) On July 15, 2010, the District Court adopted in part and declined to adopt in part the undersigned's Report and Recommendation on plaintiff's complaint, and ordered that the underlying matter be remanded to the Administration for further consideration. (Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23; Judgment, ECF No. 24.) The undersigned had found that plaintiff's issues were resolved properly after the Appeals Council accepted review of the matter, and the Court reached similar conclusions as to all but one of the issues raised by plaintiff. (Id.) However, the Court ordered remand of the matter in order to allow for a proper review of the medical opinion of Dr. Kwang-Hie Park, M.D. (hereinafter "Dr. Park") (ECF No. 23, pp. 8-10).

On December 20, 2010, plaintiff filed a Motion for Attorney Fees, Expenses and Costs Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter "the EAJA"). (ECF No. 29.) On January 3, 2011, defendant filed a Response (ECF No. 31), and on January 7, 2011, plaintiff filed his Reply. (ECF No. 32.)

Although defendant raised "no issues regarding substantial justification" and did not oppose an award of costs, expenses or reasonable attorney fees to plaintiff, defendant argued that plaintiff sought unreasonable and excessive fees (see Defendant's Objections to Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, ECF No. 31, pp. 1, 5). Specifically, defendant argued that one of the issues raised by plaintiff was not addressed by the Court (id. at 2-3), and another issue was found by the Court not to be a contentious issue (id. at 2-3). In addition, two issues raised by plaintiff were, according to defendant, "not reasonably calculated to lead to any

relief" (id. at 3-4). Defendant argued that plaintiff should not be awarded fees for "unproductive efforts" (id. at 4). Defendant asked the Court to reduce plaintiff's fee request by thirty percent in order to put "it in the upper range of reasonable expenditures for district court proceedings in typical Social Security litigation" (id. at 2, 5) (*citing* Chandler v. Sec. HHS, 792 F.2d 70, 73 (6th Cir. 1986); Spruil v. Bowen, 691 F.Supp. 302, 306-07 (M.D.Fla. 1988)).

On March 28, 2011, the undersigned concluded, based on Hardisty v. Astrue, 592 F.3d 1072, 1075, 1080 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011)[1], that plaintiff should not be awarded attorney fees for time expended on issues not addressed by the Court or for time expended on issues on which the Court determined that plaintiff's argument lacked merit. (Report and Recommendation on Plaintiff's Motion for Attorney Fees, Costs and Expenses Pursuant to the EAJA, ECF No. 35, pp. 5-6.) This Court recommended that plaintiff be allowed to amend the amount of fees requested to include those fees representing time expended presenting issues addressed favorably by the Court. (id. at 6.) Plaintiff did not object to this Report and Recommendation on plaintiff's motion for fees.

On April 26, 2011, based on a review of the relevant record and on no objection being raised by the parties, the Court adopted the Report and Recommendation on plaintiff's motion for fees (ECF No. 36). On May 24, 2011, plaintiff filed an Amended Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA (ECF No. 37). Defendant filed a response to plaintiff's amended motion for fees (ECF No. 42).

---

[1] The analysis herein of the governing caselaw, including that of Hardisty, supra, 592 F.3d at 1075-1080, somewhat differs from that recommended previously (see Report and Recommendation on Plaintiff's Motion for Attorney Fees, Costs and Expenses Pursuant to the EAJA, ECF No. 35, pp. 5-6) for the reasons discussed in detail in Roberts v. Astrue, Case No. 10cv5225RJB (see Report and Recommendation on Plaintiff's Amended Motion for Attorney Fees and Expenses Pursuant to the EAJA, ECF No. 37, pp. 6-10).

REPORT AND RECOMMENDATION - 3

STANDARD OF REVIEW

Plaintiff now seeks an award of attorney fees and expenses pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"). Specifically, plaintiff is seeking reimbursement of expenses equal to $71.78 and has amended his original attorney fees request from $10,688.52 ($9,833.13 plus $855.39 for defending the EAJA motion) to $7,676.09, or alternatively, $8,038.10 (Plaintiff's Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, ECF No. 29, p. 1; Plaintiff's Reply in Support of Motion for Attorney Fees, Expenses and Costs, ECF No. 32, p. 9; Plaintiff's Amended Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, ECF No. 37, p. 1). Plaintiff also seeks costs of $25.50 (id.).

The EAJA provides, in relevant part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the U.S. Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions

were substantially justified. Hardisty, supra, 592 F.3d at 1076 n.2 (*citing* Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. See Hensley, supra, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff was the prevailing party because he received remand of the matter to the administration for further consideration (see ECF Nos. 21-23). See also Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (*citing* Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993)). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant explicitly conceded that the government's position was not substantially justified and agreed that reasonable fees should be awarded to plaintiff in this case (see Defendant's Response Brief, ECF No. 31. p. 1).

The Court agrees with the government's analysis on this point. This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical opinion of Dr. Park, among other positions (see Report and Recommendation on Plaintiff's Complaint, ECF No. 17, pp. 13-14; Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, pp. 8-9). For

these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified.

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. See 28 U.S.C. § 2412(b); see also Hensley, supra, 461 U.S. at 433, 436-37.

Defendant would have this Court engage in division of plaintiff's requested attorney fees on the basis of specific, individual issues and arguments raised by plaintiff in order to determine the reasonableness of the fee (see Defendant's Objections to Plaintiff's Motion for Attorney Fees Pursuant to the EAJA, ECF No. 31, pp. 2-5). This request by defendant would be contrary to the Court's general reluctance to consider these matters in piece-meal fashion and is not supported by Supreme Court precedent. See Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) ("While the parties' posture on individual matters may be more or less justified, the EAJA . . . . favors treating a case as an inclusive whole, rather than as atomized line-items"); Hensley, supra, 461 U.S. at 435 (when a plaintiff has achieved excellent results, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit").

The Court also notes plaintiff's discussion regarding the lack of precedent for a requirement that attorneys keep a time record reflecting a segregation of specific issues or arguments in a Social Security matter (see Plaintiff's Brief in Support of Amended Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, ECF No. 38, p. 3). According to the Supreme Court, a plaintiff's attorney "is not required to record in great detail how each minute of his time was expended." Hensley, supra, 461 U.S. at 437 n.12. As concluded by the Ninth Circuit, the fee applicant can meet his burden "although just barely – by simply listing his hours

and 'identifying the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (*quoting* Davis v. City of San Francisco, 976 F.2d 1536, 1542 (9th Cir. 1992) (*quoting* Hensley, 461 U.S. at 437 n.12)).

Once the Court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." Hensley, supra, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. However, the "product of reasonable hours times a reasonable rate does not end the inquiry." Id. at 434. The Supreme Court concluded that the "important factor of the 'results obtained'" may lead the district court to adjust the fee upward or downward. Id. The Supreme Court stated that this factor particularly is "crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Id. (noting that other relevant factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (1974) "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate") (other citation omitted).

The factor of "results obtained" may not be relevant, particularly when there is only a single claim in an appeal of a Social Security matter. See Hensley, supra, 461 U.S. at 435. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Based on a review of the relevant record, the undersigned concludes that here, plaintiff has not obtained "excellent results." See id. For example, as similarly concluded by the undersigned (Report and Recommendation on Plaintiff's Complaint, ECF No. 17, pp. 5-7), the Court concluded that the Appeals Council properly considered plaintiff's mental limitations with respect to his residual functional capacity to perform unskilled light work (Order Adopting in part and Declining to Adopt in part Report and Recommendation on Plaintiff's Complaint, ECF No. 23, pp. 4-5). In addition, as concluded by the undersigned and the Court, the Appeals Council evaluated properly the opinions of non-examining doctors regarding plaintiffs' alleged need for a structured work environment (Report and Recommendation on Plaintiff's Complaint, ECF No. 17, pp. 8-10; Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, pp. 5-6). Furthermore, as concluded by the undersigned and the Court, the Appeals Council's reliance on the medical vocational guidelines rather than a vocational expert was proper (Report and Recommendation on Plaintiff's Complaint, ECF No. 17, pp. 11-13; Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, pp. 6-7). Finally, regarding the adverse credibility finding, the Court concluded that "even based solely on the Magistrate Judge's reasons for affirming the findings that were not objected to by Jones, the credibility finding is still supported by sufficient evidence." (See Report and Recommendation on Plaintiff's Complaint, ECF No. 17, pp. 14-18; Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, pp. 7-8).

This important conclusion by the Court upholding the administration's findings about plaintiff's credibility is now the law of the case, as are the other conclusions specifically mentioned. See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982) ("the 'law

of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court") (citations omitted); see also, Rios-Pineda v. I.N.S., 720 F.2d 529, 532 (8th Cir. 1983) ("The 'law of the case' doctrine is equally applicable in instances of remand to administrative agencies and remand to lower courts"), *rev'd on other grounds*, 471 U.S. 444 (1985) (citations omitted).

For example, following a proper review of the entire record in this matter on remand, including the medical opinion of Dr. Park, the administration may reach a different conclusion regarding plaintiff's credibility. However, unless new evidence or the medical opinion of Dr. Park compels a different conclusion, if the administration adopts again the identical position regarding plaintiff's credibility that has been found to be proper by this Court here, such a finding regarding plaintiff's credibility is unlikely to be found erroneous in the context of any new challenge brought before this Court, because "the discretion of a court to review the earlier decisions should be exercised sparingly so as not to undermine the salutary policy of finality that underlies the rule." Moore, supra, 682 F.2d at 834 (citations omitted).

As a result of the Court's aforementioned conclusions on this matter, see supra, pp. 7-9, even though plaintiff received a remand of the underlying Social Security matter in order to allow for consideration of what effect, "if any," Dr. Park's opinion has on the ultimate conclusion regarding plaintiff's application for benefits, plaintiff's overall relief obtained here was not "excellent." See Hensley, supra, 461 U.S. at 435 (see also Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, p. 9).

Therefore, given the direction by the Supreme Court to focus on "the significance of the overall relief obtained in relation to the hours reasonably expended" and based on a review of the relevant record, including plaintiff's time records, expense sheets and attorney declarations, the

of the case' rule ordinarily precludes a court from re-examining an issue previously decided by the same court") (citations omitted); see also, Rios-Pineda v. I.N.S., 720 F.2d 529, 532 (8th Cir. 1983) ("The 'law of the case' doctrine is equally applicable in instances of remand to administrative agencies and remand to lower courts"), *rev'd on other grounds*, 471 U.S. 444 (1985) (citations omitted).

For example, following a proper review of the entire record in this matter on remand, including the medical opinion of Dr. Park, the administration may reach a different conclusion regarding plaintiff's credibility. However, unless new evidence or the medical opinion of Dr. Park compels a different conclusion, if the administration adopts again the identical position regarding plaintiff's credibility that has been found to be proper by this Court here, such a finding regarding plaintiff's credibility is unlikely to be found erroneous in the context of any new challenge brought before this Court, because "the discretion of a court to review the earlier decisions should be exercised sparingly so as not to undermine the salutary policy of finality that underlies the rule." Moore, supra, 682 F.2d at 834 (citations omitted).

As a result of the Court's aforementioned conclusions on this matter, see supra, pp. 7-9, even though plaintiff received a remand of the underlying Social Security matter in order to allow for consideration of what effect, "if any," Dr. Park's opinion has on the ultimate conclusion regarding plaintiff's application for benefits, plaintiff's overall relief obtained here was not "excellent." See Hensley, supra, 461 U.S. at 435 (see also Order Adopting in part and Declining to Adopt in part Report and Recommendation, ECF No. 23, p. 9).

Therefore, given the direction by the Supreme Court to focus on "the significance of the overall relief obtained in relation to the hours reasonably expended" and based on a review of the relevant record, including plaintiff's time records, expense sheets and attorney declarations, the

undersigned concludes that plaintiff's alternative amended request for attorney fees of $8,038.10, representing 46.2 attorney hours overall on this matter, accurately represents a reasonable fee. See Hensley, supra, 461 U.S. at 435 (see also Plaintiff's Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, ECF No. 29, Attorney Declaration and Time Records, Attachments 3-6; Plaintiff's Reply in support of Motion for Attorney Fees, Expenses and Costs, ECF No. 32, Supplemental Fee Request and Time Record, Attachments, 1-2; Plaintiff's Amended Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, ECF No. 37; Plaintiff's Brief in Support of Amended EAJA Motion, ECF No. 38).

The undersigned does not agree with the characterization by defendant regarding how many attorney hours are reasonable in a "typical" Social Security appeal (see Defendant's Objections to Plaintiff's Motion for Attorney's Fees, ECF No. 31, p. 5 (*citing* Chandler v. Sec. HHS, 792 F.2d 70, 73 (6th Cir. 1986)). The district courts within the Ninth Circuit have not come to any consensus that only EAJA fee requests representing less than 40 attorney hours in "typical" social security appeals are reasonable. See, e.g., Johnson v. Astrue, 134 Soc. Sec. Rep. Service 4, 2008 U.S. Dist. LEXIS 68681 at *5, 9-10 (N.D. Cal. 2008) (although defendant Commissioner contended that 47 hours of time was unreasonable on a social security appeal that was fairly routine and not overly complex, the court awarded fees representing 57 hours, as it disagreed with Commissioner's contention and awarded 10 additional hours for the time plaintiff's attorney expended replying to defendant's response to plaintiff's request for fees); see also Burleson v. Astrue, 139 Soc. Sec. Rep. Service. 540, 2009 U.S. Dist. LEXIS 36782, 2009 WL 364115 at *3 (W.D.Wash. 2009) ("There is no hard-and-fast cap on attorney fee awards at 40 hours") (*citing* Patterson v. Apfel, 99 F.Supp.2d 1212, 1214 n.2 (C.D.Cal. 2000)) (other citation omitted).

Finally, the court notes that the U.S. Supreme Court has concluded "that a [28 U.S.C.] § 2412(d) fees award is payable to the litigant." Astrue v. Ratliff, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010). The Supreme Court also concluded that such a fees award therefore is "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." Id. The undersigned concludes that the attorney fees and expenses award requested here pursuant to the EAJA is "a § 2412(d) fees award [and therefore] is payable to the litigant." Id. However, if the EAJA attorney fees award is not subject to any such government offset, because of the assignment of this award by plaintiff to his attorney in this case, the EAJA award here properly is payable to plaintiff's attorney (see Plaintiff's Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, Contract for Attorney Representation in Federal Court, ECF No. 29, Attachment 7, pp. 1-2).

## CONCLUSION

The undersigned has reviewed the relevant record, including the time and expense reports submitted by plaintiff's counsel, and concludes that plaintiff's counsel has met his burden to supply sufficient evidence supporting the hours worked and the fees requested. In addition, no special circumstances make the amended requested award unjust and the position of the United States overall was not substantially justified. The undersigned also concludes that the alternative attorney fees, as well as the expenses and costs, requested in plaintiff's amended motion for fees, are reasonable based on the significance of the overall relief obtained. See Hensley, supra, 461 U.S. at 435; see also 28 U.S.C. § 2412(d)(1)(A).

Therefore, the Court should award to plaintiff expenses in the amount of $71.78 and attorney fees in the amount of $8,038.10, pursuant to the EAJA, 28 U.S.C. § 2412(d). Plaintiff also should be awarded costs equal to $25.50 pursuant to 28 U.S.C. §§ 1920 and 2412(a).

The EAJA fees and expenses award is subject to any offsets allowed under the Treasury Offset Program. See Ratliff, supra, 130 S. Ct. at 2524. Therefore, the Commissioner should contact the Department of Treasury after the Order for EAJA fees and expenses is entered, in order to determine whether or not the fees and expenses award is subject to any offset. If it is not subject to any offset, payment of this award should be made via check payable to Mr. Robert A. Friedman, pursuant to the assignment of this award by plaintiff to his attorney (see Plaintiff's Motion for Attorney Fees, Expenses and Costs Pursuant to the EAJA, Contract for Attorney Representation in Federal Court, ECF No. 29, Attachment 7, pp. 1-2). The same procedure should be followed for any remainder if the fees and expenses award is subject to a partial offset.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on July 29, 2011, as noted in the caption.

Dated this 6th day of July, 2011.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12